CALHOUN COUNTY, Appellant, v. T. W. McCRARY, et al.,
Appellees.

Officers: COUNTY TREASURER: ACCOUNTING: LIABILITY FOR DISTRIBU-
1 TION OF FUNDS. It is the duty of a county treasurer to credit the public funds coming into his hands to the proper accounts; and where his failure to give a proper credit results in loss to the county

or to the parties entitled thereto, he and his sureties on his bond are liable therefor. Where however the treasurer accounted for and paid over to his successor, upon a settlement with the supervisors, all funds collected and remaining in his hands, the mere fact that he neglected to credit a certain fund with collections made and thus paid over did not create a liability therefor; as it will be presumed that the county and its officers, holding the funds as trustee, will make the proper distribution of the same.

Same: SETTLEMENT WITH TREASURER: WHEN CONCLUSIVE. Where a retiring county treasurer made a settlement with the supervisors on an apparently full and fair exposition of his books and accounts, and paid to his successor the balance found chargeable to him, such settlement will not be re-opened except upon a showing of fraud or concealment on his part, or of mistake on the part of the supervisors; although members of the board may not have had their attention called to specific items collected and belonging to a certain fund and not properly credited to that fund, but actually accounted for.

*Appeal from Calhoun District Court.*—HON. M. E. HUTCHINSON, Judge.

TUESDAY, MAY 6, 1913.

ACTION in equity for an accounting for certain moneys alleged to have been collected and received by the defendant in his official capacity as treasurer of the plaintiff county and for recovery of such sum or sums upon his official bond. The issues were tried to the court and the petition ordered dismissed. Plaintiff appeals.—*Affirmed.*

*Healy, Burnquist & Thomas,* for appellant.

*J. B. McCrary* and *E. C. Stevenson,* for appellees.

WEAVER, C. J.—The defendant McCrary is a former treasurer of Calhoun county. It is the claim of the plaintiff that said defendant in pursuance of his official duty received payment of two certain items of tax or special assessment

levied for the benefit of a certain drainage district for which moneys he has made no proper accounting and has converted the same to his own use. The collections in question aggregate $943.25 and were evidenced by receipts numbered, respectively, 1,315 and 1,316. They are also designated in the record as Exhibits B and C. The defendant admits the collection of said items, but alleges that the same have been properly accounted for and paid over by him to his successor in office. He concedes that he erroneously failed to carry said items to the credit of said drainage district upon the books of his office, but asserts that he was nevertheless charged with the full amount in making final settlement with the board of supervisors, and the same was included in the balance paid over by him at the conclusion of his term of office. In other words, the substance of the defense is that the only error or irregularity in the matter is one of bookkeeping only, and that all the moneys received by him in the manner aforesaid have been fully accounted for and paid over. The collections in controversy were made in September, 1908. Thereafter in February, 1909, defendant's term of office having expired, his books were examined by a person designated for that purpose by the board of supervisors, and upon such examination being had a settlement was made between the defendant and the board; the defendant paying and turning over to his successor the balance of public funds found to be in his hands. This being done, the board approved defendant's claim for unpaid remainder of his salary, and warrant was issued to him accordingly. This settlement plaintiff seeks to impeach on the ground that as far as relates to the two collections above mentioned it was obtained by fraud and concealment on the part of defendant and by accident, oversight, and mistake on the part of the board of supervisors, and that such fraud and mistake were not discovered until the accounting had been approved and the warrant issued to the defendant. The averments of fraud and mistake are denied by the defendant, who alleges that said items were known and

expressly considered in the settlement and that proper accounting therefor has been made. The trial court found for the defendant and dismissed the bill.

The grounds assigned for reversal are variously stated, but they are to the general effect that the record clearly makes a case for recovery by the plaintiff.

It is argued that, even if it be true that the money went into the county treasury as contended by the defendant, it constitutes no defense to this action, and that defendant's

1. OFFICERS. county treasurer: accounting: liability for distribution of funds. conceded failure to place the sums so received to the credit of the proper drainage district makes a conclusive showing for a recovery in this action. In support of this proposition, the case of *Custer v. Tunley*, 13 S. D. 7 (82 N. W. 84, 79 Am. St. Rep. 870), is cited. But the precedent relied upon is not quite in point, and the reasoning of the argument appears to us to be over technical. It is true that under the law it was the defendant's duty not only to collect the money, but also to credit it to the proper account upon the books, and, if his failure to make such entry has resulted in any loss or damage to the county or to the drainage district entitled to the money so collected, defendant and the sureties upon his bond should be held to account therefor. Such was the situation in the cited case. *Custer v. Tunley, supra.* There the treasurer had not only failed to enter the collection of certain school funds in the proper account, but had credited and distributed them to the wrong district. Under such circumstances, it was very properly held that the treasurer could not cast upon the county or upon the school district the burden of pursuing the fund in the hands of the district to which he improperly distributed it. But such is not the case here presented.

It is the claim of the defendant, not that the money has been distributed to the wrong drainage district, but that the money is in the hands of the county or its treasurer who is the proper trustee, and nothing is required to adjust the apparent discrepancy except the entry of the proper credit. He

asserts that upon the final accounting he was charged with these very collections, and that in paying over the balance thus found he performed his full duty in the premises. This claim, if supported by the record, constitutes in our opinion a complete defense to the claim sued upon. If the county, which is the trustee of the drainage district for the receipt and distribution of the tax, has received and has in its possession or control the money collected by the defendant, it cannot equitably demand another accounting or payment.

It follows, we think, that the controlling questions in this case are those of fact. Did the defendant account for these two collections in his final settlement with the board of supervisors? Has the plaintiff shown any fraud, oversight, or mistake justifying a reopening of said settlement and the awarding of judgment against the defendant?

We shall not enter upon any rehearsal of the testimony. There has been no attempt to bring into this record all the accounts and items which make up the aggregate of moneys which defendant accounted for and paid over upon retiring from his office as treasurer, and, while the showing made upon the appeal is not always as clear or as satisfactory as could be wished, we think the weight of testimony sustains the conclusion of the trial court that the collections in controversy were considered and adjusted in the final settlement between the defendant and the board. Some point is made in argument as to the burden of proof upon these matters, but, whatever may be the rule as applied to this case, we are disposed to the view that the preponderance of the testimony is with the defendant. We may add, however, that the settlement had between the parties upon an apparently fair and full exposition of the books and accounts of the office, the payment by defendant to his successor of all moneys then found chargeable against him, and the issuance to defendant of a warrant for the full balance appearing to be due to him from the county are, to say the least, very persuasive circumstances corroborating and sustaining the defense.

2. SAME: settlement with treasurer: when conclusive.

We find no testimony indicating any fraud or. concealment on the part of defendant or of mistake on the part of the board of supervisors which calls for a reopening of the settlement or deprives the defendant of the right to rely thereon. It may be that the attention of the individual members of the board was not called specifically to these two items of collection. Indeed, it was not practically possible that they should examine and carry in remembrance all the thousands of items contained in all the records and books of the office. To aid in this respect they exercised their right to employ an expert accountant, who did examine the accounts in detail and reported the result of his findings. The board appears to have satisfied itself of the correctness of the result thus ascertained and ratified it. That the accountant charged the defendant with the collections in question, and that they were included in the amount for which defendant was required to account and did account, there can be little doubt.

The argument of counsel that the result of this conclusion is to impose a loss upon the drainage district to the extent of these collections is not sound. As we have already said, there is nothing to indicate that this money has been diverted to any other district, but rather that the amount remains in the treasury awaiting proper credit thereof to the account of the district to which it belongs. We must assume that the county and its officers will do their duty in this respect and no loss result to any one.

We find no sufficient ground for interference with the judgment below, and the same is *Affirmed.*